NPC v. Enviroengineering Products     CV-97-053-M     07/10/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


NPC Acquisition Corp., Inc.,
    Plaintiff

    v.                                          Civil No. 97-53-M

Enviroengineering Products Co., Inc.,
and Jefferson Rubber Works, Inc.,
    Defendants


## O R D E R


Plaintiff, NPC Acquisition Corp., Inc. ("NPC"), is the holder of United States Letters Patent No. 5,431,459 (the "'459 Patent"). The '459 patent describes a wedge band and seal assembly, which is designed to effect a seal between a sewer pipe and a reinforced concrete manhole riser. When a bolt on the assembly is tightened, it forces wedges together, thereby exerting outward pressure on a rubber boot. As the boot expands, it creates a seal between the pipe and the manhole riser.


NPC claims that Jefferson Rubber Works, Inc., the manufacturing arm of Enviroengineering Products Co., Inc. ("EPCO"), produces a product that infringes the '459 Patent. It also says that EPCO markets and distributes the allegedly infringing product. Presently pending before the court are NPC's motion for a preliminary injunction and defendants' motion for summary judgment. In its objection to defendants' motion for summary judgment, NPC also moves the court to defer its ruling on

defendants' motion, pending completion of additional discovery. See Fed. R. Civ. P. 56(f).

## Discussion

In support of its Rule 56(f) motion, NPC claims that it "is being denied access to facts essential to its opposition to the summary judgment motion by having to file its objection in advance of taking discovery." Plaintiff's Objection to Summary Judgment (document no. 20), at 2. At the preliminary pretrial conference, the parties discussed their relative positions on this issue and the court informed counsel for NPC that it would grant a Rule 56(f) motion if one were filed and properly supported. Accordingly, NPC's Rule 56(f) motion is granted. Defendants' motion for summary judgment is denied, with leave to refile after the parties have completed preliminary discovery on the issues raised in plaintiff's Rule 56(f) motion. Such discovery shall be completed on or before October 31, 1997.

In light of the fact that NPC itself acknowledges that there remain disputed issues of material fact which bear directly upon its patent infringement claim, its motion for preliminary injunction is denied without prejudice; on the record as it presently stands, the court cannot conclude that there is a reasonable likelihood that NPC will prevail on the merits of its claim. Nevertheless, NPC may, if it so chooses, refile a motion

for preliminary injunction after its has completed additional discovery and supplemented the record as appropriate.

## Conclusion

For the foregoing reasons, NPC's Rule 56(f) motion (contained in document no. 20) is granted. Defendants' pending motion for summary judgment (document no. 6) is denied, with leave to refile after the parties have completed preliminary discovery (October 31, 1997). Defendants' motion for leave to file a reply to plaintiff's opposition to defendants' motion for summary judgment (document no. 22) is denied as moot. NPC's motion for preliminary injunction (document no. 2) is denied, with leave to refile after the parties have completed preliminary discovery.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 10, 1997

cc:  Bruce W. Felmly, Esq.
     Daniel J. Bourque, Esq.
     Robert w. Upton, II, Esq.
     Maurice E. Gauthier, Esq.

3